# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Civil Action No. 19-cv-00825-DDD-MEH

DEDRICK HARRIS,

    Plaintiff,

v.

ENVIRONMENTAL MATERIALS, LLC,

    Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Environmental Materials, LLC's Motion to Dismiss the Amended Complaint of Plaintiff Dedrick Harris. Mr. Harris asserts a claim of employment discrimination against Environmental Materials under Title VII of the Civil Rights Act of 1964. Because Mr. Harris failed to file his complaint within the 90-day time period provided by Title VII, the Court **GRANTS** the motion.

On March 19, 2019, Mr. Harris initiated this employment-discrimination action by filing a *pro se* complaint against his former employer, Environmental Materials; David Layton, an employee of Environmental Materials; Arapahoe County Child Support Division; and Meeka Houston, the director of workforce services for Arapahoe County. Mr. Harris amended his complaint on April 24 and again on May 24. Mr. Harris's amended complaints named the same defendants and alleged claims of racial discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, and a claim for criminal conspiracy to commit

an offense against the United States, 18 U.S.C. § 371.

Upon independent review of the amended complaint as required by Local Civ. R. 8.1, the magistrate judge recommended that Mr. Layton, Arapahoe County, and Ms. Houston be dismissed from the case as improper defendants. The magistrate judge also recommended that Mr. Harris's claim for violation of § 371 be dismissed, because § 371 is a criminal statute providing no private right of action. The Court adopted the magistrate judge's recommendation in full.

Mr. Harris's only remaining claim, then, is for racial discrimination and retaliation in violation of Title VII against Environmental Materials. According to his *pro se* complaint, which the Court construes liberally as it must, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Environmental Materials discriminated against him on the basis of his race in violation of Title VII. Before filing the instant action, Mr. Harris filed a charge of discrimination against Environmental Materials with the Equal Employment Opportunity Commission on March 21, 2017. The EEOC declined to prosecute the claim and issued Mr. Harris a right-to-sue letter on March 8, 2018.

Environmental Materials now moves to dismiss Mr. Harris's amended complaint because Mr. Harris's Title VII claim is time-barred. Environmental Materials argues that Mr. Harris failed to file his complaint within 90 days of when the EEOC issued its right-to-sue letter as required by 42 U.S.C. § 2000e-5(f)(1). In the alternative, Environmental Materials moves to dismiss the amended complaint for insufficient service of process.[1]

---

[1] Mr. Harris moved for a 36-day extension of time to respond to Environmental Materials' motion to dismiss, which the Court granted, giving him until December 16, 2019 to file a response. But he never did so. This failure to respond is an insufficient basis to dismiss the complaint. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("A district court may not grant a motion to dismiss for failure to state a

2

As a preliminary matter, Environmental Materials misconstrues its motion as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1). But the 90-day time limit in § 2000e-5(f)(1) is not a jurisdictional prerequisite to filing suit in federal court. *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983). It is instead a "requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* So Rule 12(b)(1) does not apply to Title VII's time limit. It is, however, properly raised on a Rule 12(b)(6) motion for failure to state a claim. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). The Court will address Environmental Materials' motion accordingly.

§ 2000e-5(f)(1) permits an aggrieved party whose charge of discrimination is rejected by the EEOC to file a civil action against the party named in the charge "within ninety days" of rejection by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("Under 42 U.S.C. § 2000e–5(f)(1), plaintiff had 'ninety days in which to file suit after receipt of [the] right-to-sue letter.'"). As an affirmative defense, Title VII's 90-day time limit serves as a proper basis to dismiss a complaint only "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

That is this case. Mr. Harris alleges that the EEOC issued its right-to-sue letter on March 8, 2018. He filed the instant suit on March 19, 2019—over a year later. And he has offered no "evidence denying receipt" of the right-to-sue letter that would "create[] a credibility issue

---

claim merely because a party failed to file a response."). This is especially true in a case like this one, where the plaintiff is proceeding *pro se*. *Id.* at 1178. But because "it is obvious that plaintiff cannot prevail on the facts alleged," as explained below, dismissal is proper here. *Id.*

that must be resolved by the trier of fact." *Issa*, 354 F.3d at 1178. Under § 2000e-5(f)(1), Mr. Harris's complaint is time-barred on its face.

This is not a case where tolling of Title VII's time limit would be appropriate. To be sure, Mr. Harris filed a related lawsuit alleging racial discrimination against Environmental Materials and other defendants in May 2018, which was subsequently dismissed without prejudice. *Harris v. Environmental Materials LLC*, No. 1:18-CV-01329-DDD-MEH (D. Colo.). But a dismissal without prejudice doesn't toll the statute of limitations. *Simons v. Sw. Petro-Chem, a Div. of Witco Chem. Corp.*, 28 F.3d 1029, 1030 (10th Cir. 1994) ("The filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII."). And Mr. Harris has offered no other reason why tolling would be appropriate.

In sum, Mr. Harris's complaint is time-barred. The Court therefore need not address Environmental Materials' alternative basis for dismissal.

For the foregoing reasons, it is **ORDERED** that Defendant's Fed. R. Civ. P. 12 Motion to Dismiss [Doc. 24] is **GRANTED** and the case is DISMISSED.

DATED: January 22, 2020. BY THE COURT:

_____
Hon. Daniel D. Domenico
United States District Judge